**304**

**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**R. Michael YATES, Respondent.**

Supreme Court of Kentucky.

Oct. 4, 1984.

Bruce K. Davis, Director, Michael M. Hooper, Asst. Director, Kentucky Bar Ass'n, Frankfort, for complainant.

R. Michael Yates, respondent, pro se.

## OPINION OF THE COURT

In a disciplinary proceeding, the Board of Governors of the Kentucky Bar Association by a vote of 13 to 3, determined that attorney Michael R. Yates was not guilty of unethical and unprofessional conduct and recommended that charges be dismissed.

Pursuant to SCR 3.370(7), this Court has reviewed the record and the briefs and concludes that the Board of Governors recommendation is not to be accepted. It is the decision of this Court that the respondent is guilty of negligent conduct amounting to unprofessional conduct which will result in bringing the bench and bar of Kentucky into disrepute. His punishment is set at a public reprimand, and he is further ordered to pay the costs of this proceeding.

Both Yates and the Kentucky Bar Association have declined to file any additional briefs in this matter, although extended such an opportunity by order of this Court pursuant to SCR 3.370(7).

In 1981, Yates was hired as an attorney for the estate of Vivian Glidewell. Thereafter, Porter Glidewell died, and Yates was employed by the family to represent both estates. He filed a Kentucky inheritance tax return for both estates. No federal tax return was required for the estate of Vivian, however, a federal estate tax return was necessary for the estate of Porter. Yates admitted that he failed to file a federal estate tax return for Porter. As a result of this failure, the estate of Porter has been assessed federal estate taxes of $48,888, plus an additional $11,460 in penalty and interest, and the estate was also assessed $3,013, for principal, penalty and interest on the Kentucky state inheritance tax return.

The charges in this case were brought by the son of the Glidewells who states that he paid Yates his fee without comment and now faces additional charges to have the work done correctly.

Yates is also charged with having incorrectly listed amounts of attorney fees received by him on the inheritance tax return for each of the two estates. The evidence indicates that he received a total of $11,000 in fees, $3,500 for the estate of Vivian and $7,500 for the estate of Porter. On the inheritance tax for Vivian, he listed the sum of $2,500 as his fee and on the estate

of Porter, he shows a $4,000 amount as his fee.

Yates explains these errors by stating that the $2,500 entry on Vivian's form was a typographical error. As to the error on Porter's return, he claims that he thought he had received a total of $7,500 for both estates and that he had already applied $3,500 to Vivian, leaving the amount of $4,000 to be applied in Porter's estate.

Yates admits his failure to file a federal estate tax return for Porter, but says that this was due to a mistake on his part in calculating the real estate value. He denies any attempt to deceive or misrepresent the attorney's fees he received, claiming that the incorrect entry on the inheritance tax returns was a result of poor record keeping. The Board of Governors of the bar association found him not guilty of unethical or unprofessional conduct, stating that they find no evidence of any attempt to deceive or misrepresent on his part. They further state that although his conduct may be considered negligent, they failed to find him guilty of any unethical practice.

Our principal concern is Yates' admitted failure to file necessary legal papers and his failure to accurately list his attorney fees on the tax return. Such conduct is considered negligent and to result in bringing the bench and bar of Kentucky into disrepute.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON, VANCE and WINTERSHEIMER, JJ., concur.